IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JUAN GARCIA, #B18230,                )
                                     )
        Plaintiff,                   )
                                     )
vs.                                  )        Case No. 25-cv-00353-SMY
                                     )
LATOYA HUGHES,                       )
ADA COORDINATOR,                     )
K. BRICE,                            )
L. CUNNINGHAM,                       )
DOCTOR COLE,                         )
and J. RICHARD,                      )
                                     )
        Defendants.                  )

## MEMORANDUM AND ORDER

**YANDLE, Chief District Judge:**

This matter is before the Court for preliminary review of Plaintiff Juan Garcia's Second Amended Complaint (Doc. 16).  Plaintiff is currently incarcerated at Lawrence Correctional Center and brings this action for alleged violations of his rights under the Eighth Amendment, Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 *et seq*., and Rehabilitation Act (Rehab Act), 29 U.S.C. §§ 794-94e.  The Second Amended Complaint is before the Court for review under 28 U.S.C. § 1915A, which requires screening and dismissal of any portion that is legally frivolous or malicious, fails to state a claim for relief, or seeks money damages from an immune defendant.

### Second Amended Complaint

Plaintiff makes the following allegations in the Second Amended Complaint (Doc. 16, pp. 5-6): Plaintiff is a wheelchair-bound and hearing-impaired inmate who suffers from a heart condition and an arm that "locks up."  As such, he qualifies as a person with a disability under the ADA and Rehab Act.  *Id*.

1

Health Care Unit (HCU) Administrator Lorie Cunningham authorized Plaintiff's use of an ADA attendant.  However, he was not assigned one.  For more than five months, he was unable to access the prison's toilets or showers to clean himself and he had to wheel himself around the prison to access prison programs, services, and activities.  *Id*.

Plaintiff required an accessible bathroom.  Although he was eventually assigned a cell with one, C/O Richard would not allow him to use the bathroom on March 1, 2025.  The gallery lacked a "general use" restroom, so he had no access to another restroom.  Plaintiff told C/O Richard that he needed to urinate three times over the course of forty minutes.  When he asked the officer to open the bathroom door, the officer laughed.  By the time the officer finally granted him access, it was too late.  Plaintiff soiled himself in front of the officer and inmates, which caused him to suffer distress, discomfort, and humiliation.  *Id*.

Plaintiff also required the use of a TTY phone.  Plaintiff informed Counselor Jane Doe that he is a Hispanic hearing-impaired veteran who struggles to understand, read, and write in English. He requested access to the TTY phone on March 1, 2025. However, Counselor Doe denied his request and instructed him to use volume control on the regular phone.  *Id*.

Plaintiff asked Dr. Cole to permit use of waist chains.  Without examining him or completing any paperwork related to this request, the doctor refused to issue the permit, citing unspecified "security reasons."  *Id*.

Based on the allegations, the Court designates the following claims in the Second Amended Complaint (Doc. 16):

**Count 1:** ADA and/or Rehab Act claim against Defendants for failing to accommodate Plaintiff's disability at Lawrence, by denying him an ADA attendant (5 months), ADA restroom (unknown duration), TTY phone (once), and waist chains (unknown duration).

**Count 2:** Eighth Amendment claim against Defendants for subjecting Plaintiff to

> unconstitutional living conditions at Lawrence, by denying him an ADA attendant (5 months), ADA restroom (unknown duration), TTY phone (once), and waist chains (unknown duration).

Any other claim mentioned in the Second Amended Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### Discussion

### Preliminary Dismissals

Plaintiff mentions Counselor Jane Doe in the statement of his claim but does not identify her as a defendant in the Second Amended Complaint. Therefore, the Court will not treat this individual as a defendant, and all claims against her are considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (title of the complaint "must name all the parties"). This includes all claims arising from the one-time denial of access to the TTY phone.

Plaintiff identifies the following defendants, but makes no allegations against them: Unknown ADA Coordinator and Assistant ADA Coordinator K. Brice. Invoking the name of a potential defendant is not enough to state a claim against him or her. *Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). When a plaintiff fails to include the name of a defendant in his statement of claim or set forth any allegations against them, that defendant cannot be said to have notice of which claims, if any, are directed against the party. FED. R. CIV. P. 8(a)(2). Accordingly, Unknown ADA Coordinator and Assistant ADA Coordinator K. Brice will be dismissed from this action without prejudice.

### Count 1

A plaintiff bringing a claim under the ADA, 42 U.S.C. § 12101 *et seq*., or Rehab Act, 29 U.S.C. §§ 794–94e, must allege that (1) he is a qualified person with a disability; (2) he was

denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by the entity; and (3) the denial or discrimination was because of his disability. *Jaros v. Illinois Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012). Plaintiff's allegations state a viable ADA and/or Rehab Act claim against IDOC Director Latoya Hughes, in her official capacity, for the denial of access to an ADA attendant and restroom, which resulted in the plaintiff's alleged inability to access programs and services at the prison including showers and toilets. *Id*. at 670, n. 2 (citing 29 U.S.C. § 794(b); 42 U.S.C. § 12131)).

The allegations are insufficient to support an ADA and/or Rehab Act claim based on the one-time denial of access to a TTY phone and waist chains. Plaintiff does not allege that he was denied a permit for TTY use, only that a non-party (Counselor Jane Doe) refused him access once on March 1, 2025. Plaintiff also does not indicate why he required the use of waist chains or whether he was unable to access any prison programs or services without them.

Count 1 survives screening under the ADA and/or Rehab Act against IDOC Director Latoya Hughes, in her official capacity, based on the denial or an ADA attendant and restroom access. All other aspects of this claim will be dismissed without prejudice for failure to state a claim against the defendants.

### Count 2

The Eighth Amendment guarantees an inmate the "minimal civilized measure of life's necessities," including food, shelter, clothing, and medical care. *Jaros*, 684 F.3d at 670 (citing *Rhoades v. Chapman*, 452 U.S. 337, 347 (1981)). The intentional or knowing denial of these necessities supports a claim of deliberate indifference under the Eighth Amendment. *Id*. at 670.

According to the allegations, C/O Richard deliberately denied Plaintiff access to an accessible toilet on March 1, 2025, when he knew that no alternative was available, causing

4

Plaintiff to soil himself in front of the officer and other inmates.  Based on these allegations, Count 2 survives screening against C/O Richard.

Plaintiff identifies HCU Administrator Cunningham in connection with the denial of an ADA attendant.  However, this defendant authorized his use of an attendant, and Plaintiff does not allege that she was aware no attendant was ever provided.  Plaintiff identifies Counselor Jane Doe in connection with the one-time denial of TTY phone access without identifying the counselor as a defendant or indicating whether this deprivation occurred more than once.  Finally, Plaintiff names Dr. Cole for denying his request for waist chains for security reasons, but offers no reason he required the waist chains and does not describe any injury he suffered without them.  Plaintiff names no other defendants in connection with an Eighth Amendment claim.

Accordingly, Count 2 will be dismissed without prejudice for failure to state a claim against all defendants, except C/O Richard.

### Disposition

The Second Amended Complaint (Doc. 16) survives screening under 28 U.S.C. § 1915A as follows: **COUNT 1** will proceed against **LATOYA HUGHES**, in an official capacity, as an ADA and/or Rehab Act claim arising from the denial of an ADA attendant and access to an ADA restroom; and **COUNT 2** will proceed against **J. RICHARD**, in an individual capacity, for exhibiting deliberate indifference to Plaintiff's need for restroom access on March 1, 2025.  All other claims are **DISMISSED** without prejudice against **ALL DEFENDANTS** for failure to state a claim.

The Clerk shall prepare for Defendants **LATOYA HUGHES (official capacity)** and **J. RICHARD (individual capacity)**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is

**DIRECTED** to mail these forms, a copy of the Second Amended Complaint (Doc. 16), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant. The Court will require that Defendant to pay the full costs of formal service, as authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file appropriate responsive pleading to the Second Amended Complaint (Doc. 16) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to SDIL-Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though he was granted *in forma pauperis* status. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution.  *See* FED. R. CIV. P. 41(b).

**The Clerk's Office is DIRECTED to ENTER the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act and TERMINATE Defendants ADA COORDINATOR, K. BRICE, L. CUNNINGHAM, AND DR. COLE as defendants in CM/ECF.**

**IT IS SO ORDERED**.

**DATED: 5/28/2026**

STACI M. YANDLE
Chief U.S. District Judge

### Notice to Plaintiff

Once identified, the Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Second Amended Complaint. After service has been achieved, Defendants will enter their appearances and file Answers to your Second Amended Complaint. It will likely take at least **60 days** *from the date they are served with this lawsuit* to receive the Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have file Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' attorneys have filed appearances will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.